**Barry C. HARPER, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 89S00–9005–CR–359.**

Supreme Court of Indiana.

Oct. 3, 1991.

Keith A. Dilworth, Richmond, for appellant.

Linley E. Pearson, Atty. Gen., Cynthia L. Ploughe, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in the conviction of appellant of Attempted Murder, for which he received a sentence of thirty (30) years, enhanced by thirty (30) years by reason of his status as a habitual offender.

The facts are: Appellant and the victim, William Crews, were friends. On the evening of November 3, 1988, they went to the home of a mutual friend, Chance Ford, and spent the evening drinking. During the evening, appellant and Crews began arguing about an incident two weeks earlier when Crews had ordered appellant from his house. The argument continued to flare up throughout the evening.

Late in the evening, appellant, Crews, and Ford walked to a nearby liquor store to buy more beer and whiskey. The argument erupted again. After they returned to the house, Crews and Ford went back out on the porch. Appellant came out on the porch armed with a large kitchen knife and attacked Crews. Crews attempted to fend off appellant but was stabbed several times. During the attack, the knife was bent to a forty-five degree angle. Crews had been standing between appellant and Ford. When the scuffle began, Crews started yelling for help, and Ford stepped in to stop them.

After Ford's intervention, appellant returned to the house. Ford then discovered that Crews had been injured and was bleeding. Ford and his sister transported the victim to the hospital. There it was discovered he had suffered multiple stab wounds and was near death. Two successive operations were necessary to repair damage done by the stabbing.

Appellant claims there is insufficient evidence of his intent to kill and that there is no proof beyond a reasonable doubt to support his conviction. He contends that because the evidence was that he was intoxi-

cated and in view of this Court's holding in *Terry v. State* (1984), Ind., 465 N.E.2d 1085, he should have been found to have been unable to form the intent to commit the crime. However, as this Court pointed out in *Terry,* if a defendant has the ability to devise and carry out a plan, his defense of intoxication is of no avail.

In the case at bar, shortly before the attack, both appellant and the victim had walked to a nearby liquor store, had obtained beer and whiskey, and had returned to the house. Shortly thereafter, appellant obtained a knife belonging to the owner of the house and went out on the front porch to attack the victim. From these facts, the jury could find that, although intoxicated, appellant had the mental composure to form the intent to perpetrate the attack.

Appellant further argues that because no motion to correct error was filed on his behalf in the lower court, this Court thus becomes the thirteenth juror and must reweigh the evidence. As we often have stated, it is not the prerogative of this Court to reweigh evidence submitted to judge or jury. *Alfaro v. State* (1985), Ind., 478 N.E.2d 670. Upon review, we examine only the evidence submitted at the trial level favorable to the verdict, and if there is evidence to support the jury verdict or the decision of the trial court, the findings at trial will not be reversed. We see no exception to this procedure when appellant does not file a motion to correct error at the trial level.

Appellant claims he was not competent to stand trial for the reason that he was unable to assist counsel in his defense. Prior to trial, appellant's counsel raised the question of his competency to stand trial, whereupon the trial court appointed a psychiatrist and a psychologist to examine appellant and determine his competency. Both doctors testified that although appellant was of "low normal intelligence," he nevertheless was able to understand the proceeding and assist in his defense.

In his brief, appellant claims that the psychiatrist, Dr. Abbert, stated that appellant could aid in his defense as long as his counsel used no words longer than four letters. However, an examination of the record discloses that this was not the testimony of Dr. Abbert. The following appears in the record:

"Mr. Pile (attorney for appellant): Is your opinion though, as you conclude, that uh, this man is competent, to comprehend these proceedings, to assist me in his defense, and be of a help to me in working with him?

Mr. Abbert: Yes.

Mr. Pile: As long as I don't use anything bigger than four letter words?

Mr. Abbert: I won't comment on the number of letters in the word, but, basically yes."

It thus appears that the limitation of four letter words was the wording of defense counsel, not that of Dr. Abbert.

The trial court's decision as to whether a defendant is competent to stand trial will not be disturbed except for a showing of a clear abuse of discretion. *Ritchie v. State* (1984), Ind., 468 N.E.2d 1369.

Appellant also raises the point that he either was slightly retarded or of low normal intellect and thus should have been held to be incompetent to stand trial. We have held previously that mere weakness of intellect will not shield one who commits a crime as long as he has the mental capacity to master an impulse to commit crime and has the capacity to know right from wrong. *See Crane v. State* (1978) 269 Ind. 299, 380 N.E.2d 89; *see also James v. State* (1976), 265 Ind. 384, 354 N.E.2d 236.

There is ample evidence in this record to support the trial court's finding that appellant was competent to stand trial.

The trial court is affirmed.

SHEPARD, C.J., and DICKSON and KRAHULIK, JJ., concur.

DeBRULER, J., concurs in result.